IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01267-BNB

RAUL HURTADO MARQUEZ, DOC #101144,

Plaintiff,

v.

OFFICE OF THE GOVERNOR, Listed,
COLORADO STATE DEPARTMENT OF CORRECTIONS EXECUTIVE DIRECTOR,
　　　Personnel, Listed,
COLORADO STATE PENITENTIARY WARDEN, Personnel, Listed,

Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Raul Hurtado Marquez, is an inmate in the custody of the Colorado Department of Corrections and is currently incarcerated in the Colorado State Penitentiary. Mr. Marquez initiated this action by filing *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On June 11, 2010, Mr. Marquez filed an amended prisoner complaint that merely identifies the parties to the action and does not include any claims or request for relief.

The Court must construe the amended complaint liberally because Mr. Marquez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Marquez will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and finds that it is deficient. As noted above, the amended complaint does not include any claims or request for relief. Mr. Marquez apparently expects the Court to incorporate into the amended complaint the claims and request for relief that are included in the original complaint. However, "an amended complaint supercedes the original complaint and renders the original complaint without legal effect." **Mink v. Suthers**, 482 F.3d 1244, 1254 (10th Cir. 2007).

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Marquez may not merely cite to his original Complaint and expect the Court to decipher his claims. Instead, he must file a complete complaint on the court-approved form that includes his claims and request for relief. Mr. Marquez is also directed that in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Marquez must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each

Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for constitutional violations committed by someone else on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Therefore, if Mr. Marquez wishes to pursue his claims in this action, he must file a second amended complaint that includes specific factual allegations in support of each asserted claim, including specific allegations of personal participation by each named Defendant. Accordingly, it is

ORDERED that Mr. Marquez file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Marquez, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Marquez fails to file a second amended complaint within the time allowed that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED June 18, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01267-BNB

Raul Marquez
Prisoner No. 101144
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/18/10

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk